IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEGINA and TODD THOMAS,

      Plaintiffs,

v.                                            No. CIV-12-0381 JCH/LAM

DR. MARY KAVEN, Ph.D.,
JILL STRAIT, and
DR. ANILLA DEL FABRO, M.D.,
in their individual capacities,

      Defendants.

## ORDER HOLDING IN ABEYANCE THE COURT'S RULING ON DEFENDANTS' MOTION TO COMPEL [*Doc. 38*]

**THIS MATTER** is before the Court on *Defendants' Motion to Narrow or Limit Discovery (Doc. 38)*, filed November 19, 2014. In this motion, Defendants ask the Court to enter an order "narrowly limiting discovery to the Plaintiffs' lone remaining familial association claim involving Dr. Del Fabbro's placement of the Medical Hold on M.T. on April 29, 2010, limiting depositions to the parties, and limiting the scope of all depositions and written discovery to the placement of the Medical Hold on April 29, 2010." [*Doc. 38* at 7]. On December 2, 2014, Defendants filed a motion for summary judgment on the basis of qualified immunity regarding Plaintiffs' lone remaining familial association claim. [*Doc. 44*]. On December 17, 2014, Plaintiffs filed a motion under Fed. R. Civ. P. 56(d) to conduct discovery regarding communications between Defendants and the New Mexico Children, Youth and Families Department, stating they need the discovery in order to respond to Defendants' motion for summary judgment. *See* [*Doc. 48* at 11-15]. Also on December 17, 2014, Plaintiffs filed a response to Defendants' motion to limit discovery, stating that limiting discovery in the manner

sought by Defendants "would unfairly prohibit Plaintiffs' discovery contrary to the Tenth Circuits' decision [in this case] and frustrate Plaintiffs' ability to respond to Defendants' motion for summary judgment on the basis of qualified immunity." [*Doc. 49* at 9]. On December 31, 2014, Defendants filed a response in opposition to Plaintiff's Rule 56(d) motion [*Doc. 51*], and a combined reply to their motion to limit discovery and reply to the affidavit attached to Plaintiff's Rule 56(d) motion [*Doc. 52*].

Having considered Defendants' motion to limit discovery [*Doc. 38*] in light of their motion for summary judgment [*Doc. 44*] and Plaintiff's motion for discovery pursuant to Rule 56(d) [*Doc. 48*], the Court notes that the issues involved in Documents 38 and 48 overlap. Since the presiding judge's ruling on Plaintiff's motion for discovery pursuant to Rule 56(d) [*Doc. 48*] and on Defendants' motion for summary judgment [*Doc. 44*] may affect or render moot Defendants' motion to limit discovery [*Doc. 38*], the Court will hold in abeyance its ruling on Defendants' motion to limit discovery pending a ruling on each of those motions.

**IT IS THEREFORE ORDERED** that the Court's ruling on *Defendants' Motion to Narrow or Limit Discovery (Doc. 38)* is hereby **HELD IN ABEYANCE** pending resolution of the motions filed as Documents 44 and 48.

**IT IS SO ORDERED.**

*Lourdes A. Martinez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**