IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEGINA and TODD THOMAS,

    Plaintiffs,

v.　　　　　　　　　　　　　　　　　　No. CIV-12-0381 JCH/LAM

DR. MARY KAVEN, Ph.D.,
JILL STRAIT, and
DR. ANILLA DEL FABRO, M.D.,
in their individual capacities,

    Defendants.

## ORDER GRANTING IN PART
## PLAINTIFFS' MOTION TO COMPEL [*Doc. 73*]

**THIS MATTER** is before the Court on Plaintiffs' *Opposed Motion to Compel (Doc. 73)*, filed November 17, 2015. Defendants filed a response to the motion on December 1, 2015 [*Doc. 75*], and Plaintiffs filed a reply on December 17, 2015 [*Doc. 78*]. The presiding judge has asked the undersigned to rule on the motion, including construing the presiding judge's *Memorandum Opinion and Order (Doc. 64)* (hereinafter "the Court's Order") allowing limited discovery, to the extent necessary. Having considered the motion, response, reply, the record of the case, and relevant law, the Court **FINDS** that the motion shall be **GRANTED in part** and **DENIED in part**.

### Background

The remaining issue to be decided in this case is Plaintiffs' familial association claim (*see Doc. 64* at 2), which the Tenth Circuit determined "stemmed solely from the emergency medical hold defendants placed on [Plaintiffs' daughter] prior to the filing of the petition" for involuntary

commitment (*Doc. 64* at 3, quoting the Tenth Circuit's decision, *Thomas v. Kaven*, 765 F.3d 1183, 1193 (10th Cir. 2014)).  On September 28, 2015, the presiding judge in this case entered a ***Memorandum Opinion and Order*** *(Doc. 64)* which addressed Defendants' motion to narrow or limit discovery to the issue of the placement of the medical hold on Plaintiffs' daughter on April 29, 2010 (*Doc. 38*).  In their motion to narrow or limit discovery, Defendants asked the Court to order that additional discovery in this case occur within 45 days of the Court's ruling on their motion, and asked the Court to bar discovery of six enumerated categories of information.  *See* [*Doc. 64* at 4 and 7] (discussing *Doc. 38* at 5-6).  The Court's Order [*Doc. 64*] also addressed Plaintiffs' Rule 56(d) request for discovery needed to respond to Defendants' motion for summary judgment, in which Plaintiffs sought leave of Court "to take the depositions of Defendants and to obtain communications between Defendants and [Children, Youth and Families Department] CYFD regarding the request for the medical hold."  *See* [*Doc. 64* at 5] (discussing *Doc. 48*, Plaintiffs' response to Defendants' motion for summary judgment).  The presiding judge granted in part and denied in part Defendants' motion to narrow or limit discovery.  Specifically, the presiding judge ordered that discovery must occur within 45 days of the Court's Order (*Doc. 64* at 7) and limited that discovery to the following categories: (1) records relating to the investigation conducted by the Lea County Sheriff's Office, limited to reports and information Defendants "knew of or upon which they relied" (*Doc. 64* at 8); (2) Plaintiffs' daughter's medical records from Nor-Lea Hospital "that Defendants had or about which they knew" (*id.* at 8-9); (3) "communications and information [relating to the screening and evaluation by CYFD personnel] relayed therein between CYFD and Defendants," limited "to those reports and information of which Defendants knew or were aware" and upon which Defendants relied in their decision to place the medical hold (*id.* at 9); (4) information relating to

events that occurred prior to Plaintiffs' daughter's admission to the University of New Mexico Hospital ("UNMH"), such as "past medical and school history," limited "to the extent Defendants were aware of them" (*id.*); (5) Defendants' reports to CYFD concerning issues of medical neglect (*id.* at 10); and (6) "[i]nformation regarding Defendants' decision to file the petition for involuntary commitment, filed one day before [Plaintiffs' daughter's] insurance ran out and one day before their insistence that Plaintiffs take her home, [which] is relevant to the sincerity of Defendants' interest in holding [Plaintiffs' daughter]" (*id.*). The Court also granted Plaintiffs' Rule 56(d) motion in its entirety and granted leave for Plaintiffs to take the depositions of all three Defendants regarding the seven areas of inquiry described in Plaintiffs' motion, and to propound written discovery requiring Defendants to "(1) identify any persons with whom they discussed [Plaintiffs' daughter's] case, including any CYFD employees, and (2) to produce any communications between Defendants and CYFD." *Id.* at 12.

## Motion

In their motion to compel, Plaintiffs state that, pursuant to the Court's order [*Doc. 64*], Plaintiffs served a subpoena on UNMH, a non-party to this case, seeking three categories of documents. *See* [*Doc. 73* at 3-4] (citing the subpoena at *Doc. 73-1*). Defendants' counsel responded to the subpoena on behalf of UNMH, asserting objections and producing responsive documents. *See* [*Doc. 70*]. Plaintiffs contend that, although some of the requested documents were produced, "it is unclear from [UNMH's] response whether [UNMH] objected and withheld documents based on its determination of what documents would fall within the scope of the Court's September 28, 2015 Order [Doc. #64] or whether [UNMH] simply objected yet provided all documents requested." [*Doc. 73* at 4]. Plaintiffs state that they "sought clarification from Defendants' counsel as to whether [UNMH] had indeed withheld documents in its response." *Id.*

3

at 4-5 (citing *Docs. 73-2, 73-3,* and *73-4*).  Plaintiffs state that Defendants have continued to produce relevant documents and that Defendants' counsel has failed to answer Plaintiffs' question of whether any additional documents were being withheld.  [*Doc. 73* at 5].  "Plaintiffs' counsel asked Defendants' counsel to memorialize the complete production in writing."  *Id.*  Therefore, Plaintiffs ask the Court "to order Defendants to produce any documents in [Plaintiffs' daughter's] medical and psychiatric file that [UNMH] has withheld and any communications between [UNMH] staff and CYFD and Nor Lea Hospital."  *Id.* at 6.

In response, Defendants contend that "Plaintiffs[] filed this frivolous Motion to Compel in an effort to manufacture a discovery issue."  [*Doc. 75* at 1].  Defendants state that they "have represented there are no withheld documents from [Plaintiffs' daughter's] psychiatric and medical file, there are no withheld communications between the defendants and CYFD and there are no withheld documents between defendants and Nor Lea Hospital in the UNM CPC[1] file," and that "Plaintiffs have been afforded the discovery ordered by the Court in it's [sic] September 28, 2015 Order."  *Id.* at 2 (citing *Doc. 64*).  Defendants state that Plaintiffs have had access to the records at issue by use of a medical release, and yet Plaintiffs failed to make their discovery requests in the five years since the medical hold at issue was placed.  [*Doc. 75* at 3].  Defendants further contend that Plaintiffs did not seek in their Rule 56(d) affidavit a subpoena to UNM CPC.  *Id.*  Defendants contend that Plaintiffs' subpoena to UNM CPC expanded the scope of the Court's Order [*Doc. 64*] by: (1) seeking all documents involving any personnel at UNM CPC; (2) seeking other documents discussing, referencing or pertaining to Plaintiffs' daughter between April 12, 2006 and the present, which was intended to identify records beyond those in the medical chart; and (3) seeking all communications between UNMH and Nor Lea Hospital

---

[1] Defendants later explain that "UNM CPC" is "the University of New Mexico Children's Psychiatric Center."  *Id.* at 7.

occurring between April 12, 2010 and the present that reference Plaintiffs' daughter, which expands the scope of the Court's order "by extending it beyond UNM CPC to all matters involving UNMH and Nor Lea Hospital." *Id.* at 4. Defendants contend that the Court's order did not authorize a subpoena (*id.* at 6), and that Plaintiffs' subpoena expanded the scope of the order by extending it to the entire UNMH instead of just UNM CPC (*id.* at 7-8). Defendants further contend that Plaintiffs' request for records from 2006 is too broad because 2006 is four years prior to the date of Plaintiffs' daughter's admission. *Id.* at 7.

In their reply, Plaintiffs state that they "are entitled to complete production of [Plaintiffs' daughter's] medical file and any other communications discussing, referencing, or pertaining to the care/and or [sic] treatment of [Plaintiffs' daughter] in UNMH's possession." [*Doc. 78* at 1]. Plaintiffs contend that, because UNMH and Defendants have not identified the nature of the withheld documents, Plaintiffs are unable to assess whether they are relevant and fall within the scope of the Court's order. *Id.* at 4. Plaintiffs state that, because Plaintiffs' daughter was only seen once at UNMH, "her single stay is the subject of this case, and any documents in UNMH's possession would pertain to the discovery authorized by this Court's Order." *Id.* Plaintiffs explain that they sought records through a medical release from UNMH, but UNMH did not provide a complete response to that release. *Id.* at 6. Plaintiffs state that the Court did not limit discovery to only those records in possession of the University of New Mexico Children's Psychiatric Hospital ("UNMCPH").[2] *Id.* at 7. Plaintiffs acknowledge that the date range for which they meant to request documents is from 2010, not 2006, and that the 2006 date in the subpoena "is clearly a typographical error." *Id.* Finally, Plaintiffs contend that Defendants' counsel has improperly withheld documents on behalf of UNMH that he believes were not

---

[2] Presumably, this is the same entity as the UNM Children's Psychiatric Center, to which Defendants refer.

known to Defendants, and that "Plaintiffs do not have to accept Defendants' word of what documents regarding [Plaintiffs' daughter's] care and treatment were known to Defendants." *Id.* at 8.

## Analysis

As set forth above, the Court's Order [*Doc. 64*] allows discovery limited to the following categories: (1) records relating to the investigation conducted by the Lea County Sheriff's Office, limited to reports and information Defendants "knew of or upon which they relied" (*Doc. 64* at 8); (2) Plaintiffs' daughter's medical records from Nor-Lea Hospital "that Defendants had or about which they knew" (*id.* at 8-9); (3) "communications and information [relating to the screening and evaluation by CYFD personnel] relayed therein between CYFD and Defendants," limited "to those reports and information of which Defendants knew or were aware" and upon which Defendants relied in their decision to place the medical hold (*id.* at 9); (4) information relating to events that occurred prior to Plaintiffs' daughter's admission to UNMH, such as "past medical and school history," limited "to the extent Defendants were aware of them" (*id.*); (5) Defendants' reports to CYFD concerning issues of medical neglect (*id.* at 10); and (6) "[i]nformation regarding Defendants' decision to file the petition for involuntary commitment, filed one day before [Plaintiffs' daughter's] insurance ran out and one day before their insistence that Plaintiffs take her home, [which] is relevant to the sincerity of Defendants' interest in holding [Plaintiffs' daughter]" (*id.*). Plaintiffs' subpoena to UNMH asks for: (1) "All communications between [UNMH] and [CYFD] occurring between April 12, 2010 and the present that discuss, reference, or pertain to [Plaintiffs' daughter];" (2) "Any and all medical records or other documents discussing, referencing, or pertaining to the care and/or treatment of [Plaintiffs' daughter] between April 12, 2006 and the present;" and (3) "All communications

between [UNMH] and Nor Lea Hospital occurring between April 12, 2010 and [the] present that discuss, reference, or pertain to [Plaintiffs' daughter]." [*Doc. 73-1* at 4].

      The Court finds that Plaintiffs' subpoena exceeds the Court's order [*Doc. 64*] in that it is not limited to information, records, and communications of which Defendants knew or relied upon in making their decision to place the medical hold, file the petition for involuntary commitment, or release Plaintiffs' daughter to her parents.  However, the Court rejects Defendants' contentions that the Court's Order [*Doc. 64*] did not authorize a subpoena, and that, if it did, the subpoena was too broad because it was issued to UNMH instead of UNM CPC.  To the contrary, the Court's Order [*Doc. 64*] did not limit the entities from which Plaintiffs could seek discovery.  The fact that Plaintiffs did not ask the Court for permission to issue a subpoena to UNMH in its Rule 56(d) affidavit is irrelevant since the Court's Order [*Doc. 64*] specifically allowed the parties to conduct discovery within 45 days of the Order and did not limit that discovery only to the discovery sought by Plaintiffs in their Rule 56(d) affidavit.  *See* [*Doc. 64* at 7-10].  In addition, the Court finds that Defendants have improperly refused to provide Plaintiffs with a statement under oath that both Defendants and UNMH have produced to Plaintiffs all documents that fall within the scope of the Court's Order [*Doc. 64*].  For these reasons, the Court finds that Plaintiffs' motion to compel shall be granted in part and denied in part.  The Court will order the records custodian of UNMH to certify under oath whether UNMH has withheld any documents from Plaintiffs' daughter's medical or psychiatric files, or regarding communications between UNMH and CYFD or Nor Lea Hospital.  If UNMH has withheld any of these documents, Defendants shall either produce those documents or provide a log to Plaintiffs describing the withheld documents and the reasons why the documents are withheld

with sufficient specificity so that Plaintiffs may seek further relief from the Court with regard to those documents, if they choose to do so.

**IT IS THEREFORE ORDERED**, for the reasons stated above, that Plaintiffs' *Opposed Motion to Compel (Doc. 73)* is **GRANTED in part** and **DENIED in part** as follows:

(1) **Within five (5) days of the entry of this Order**, the records custodian for UNMH shall provide a written statement to both parties, answering under oath either "Yes" or "No" to the following questions:

(a) "Has UNMH (which includes UNM CPC) withheld any documents from Plaintiffs' daughter's medical or psychiatric files?"; **and**

(b) "Has UNMH (which includes UNM CPC) withheld any records regarding communications between UNMH staff and CYFD and/or Nor Lea Hospital which discuss, reference, or pertain to the care and/or treatment of Plaintiffs' daughter?";

(2) **If the answers to (1)(a) AND (1)(b)** are "No," then Plaintiffs shall file their response to Defendants' motion for summary judgment [*Doc. 77*] no later than **fourteen (14) days after receipt of UNMH's response**;

(3) **If the answers to (1)(a) AND/OR (1)(b)** are "Yes," then, **within ten (10) days of receipt of UNMH's response**, Defendants shall:

(a) Produce to Plaintiffs any of these withheld documents Defendants knew about or relied upon in making their decisions to place the medical hold on Plaintiffs' daughter, file the petition for involuntary commitment, or release Plaintiffs' daughter to her parents; and

(b) Provide Plaintiffs with a log of any of these withheld documents which Defendants state they did not either know about or rely upon in making their decisions to place the medical hold on Plaintiffs' daughter, file the petition for involuntary commitment, or release

Plaintiffs' daughter to her parents.  *This log must describe the withheld documents and the reasons why they were withheld with enough specificity for Plaintiffs to be able to determine whether they wish to seek further relief from the Court with regard to these documents*;

(4)  **Within fourteen (14) days of receipt of the withheld documents and Defendants' log**, Plaintiffs shall either:

(a)  file a motion seeking further relief from the Court *based only on the documents UNMH has withheld and which Defendants state they did not know about or rely upon*; or

(b)  file their response to Defendants' motion for summary judgment [*Doc. 77*].

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**